# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO GARCIA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-30-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Garcia-Rodriguez appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 77-month within-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Garcia-Rodriguez, the guidelines range was too high to fulfill § 3553(a)'s goals because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2 is not empirically based and effectively double counts a defendant's criminal record.   He also argues that the guidelines range overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics, specifically, his cultural assimilation and motive for returning to the United States.

Although Garcia-Rodriguez acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of the sentence imposed in the district court, he seeks to preserve the issue for further review. Because Garcia-Rodriguez did not object to the substantive reasonableness of his sentence in the district court, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

"When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the . . . § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).   "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

Garcia-Rodriguez contends that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the Guideline is not empirically based.  He acknowledges that his argument is foreclosed by circuit precedent but seeks to preserve the issue for further review.  As Garcia-Rodriguez concedes, we have consistently rejected his "empirical data" argument.  *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 & n.7 (5th Cir.

2009).  We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Garcia-Rodriguez's request for downward variance, as well as the Government's argument that a sentence at or near the top of the guidelines range was warranted.  The district court ultimately concluded that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Garcia-Rodriguez's assertions that § 2L1.2's lack of an empirical basis, the double-counting of his prior conviction, the non-violent nature of his offense, his cultural assimilation, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Garcia-Rodriguez has failed to show that his 77-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error.  *See Campos-Maldonado*, 531 F.3d at 339.  The district court's judgment is AFFIRMED.